WARREN JULKES, JR.; EARL DALE WORKMAN, AND ALL OTHER INMATES SO SITUATED v. STATE OF INDIANA ET AL.

[No. 373S58. Filed May 9, 1973.]

*Warren Julkes, Jr.,* pro se, *Earl Dale Workman,* pro se, for petitioners.

GIVAN, J.—In the two cases at bar, each petitioner filed a petition for writ of *habeas corpus* in the LaPorte Circuit Court. Because these cases raise the identical question as to the applicability of Trial Rule 53.1 to a petition for *haveas corpus,* the Court has on its own motion consolidated these cases for the purpose of this decision.

The writ of *habeas corpus* is a special remedy guaranteed by the Constitutions of the United States and the State of Indiana, which constitutional provisions are implemented by statute. BURNS' IND. STAT. ANN., 1968 Repl., §§ 3-1901 *et seq.*

The very nature of *habeas corpus* requires, as provided in the statute, that upon the filing of the petition the judge shall summarily order the writ issued without delay. The necessity for this urgency is obvious when one considers the purpose for the existence of the remedy is to gain speedy relief for a person who may be held in custody in violation of his rights. To hold that Trial Rule 53.1 is operative in this type of situation would be in effect to hold that a judge might wait for as much as thirty days without granting relief before the petitioner could then procure a new judge under the Rule.

It was not our intention in the adoption of this Rule to so impair the right to the writ of *habeas corpus*. Under our procedure, when a writ of *habeas corpus* is filed in a trial court and that court does not act on the petition without delay as required by the statute, the remedy of the petitioner is a petition for writ of mandate from this Court. In such an instance the trial court has no discretion where the writ alleges a *prima facie* cause for relief.

Because of the urgency of this matter, this Court has prior to the writing of this opinion contacted the circuit judge, who has forthwith issued the writs in these cases. The matter is, therefore, moot. It is unnecessary for this Court to order the issuance of said writs.

Arterburn, C.J., and Hunter, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DeBruler, J.—I would apply TR. 53.1 in this case wherein the issuance of a writ of habeas corpus has been delayed beyond the time limited by statute and TR. 53.1 for issuing

such writs. Trial Rule 53.1 in no case supplants or takes away the right of a party before the trial court to seek a mandate requiring a trial judge to rule on a motion or petition. In the ordinary case, where a judge has delayed a ruling beyond the time required by our rule, a party has the option of invoking TR. 53.1 or in the alternative seeking a mandate to require the trial court to rule. Where as here, a statute requires a judge to act within a shorter period of time than that specified in TR. 53.1, then mandate would clearly lie immediately upon the expiration of such shorter period. And thereafter upon expiration of the longer period specified in TR. 53.1 both remedies would exist at the option of the party deeming himself aggrieved by the delay.

I do not agree with the majority that the legal effect of applying TR. 53.1 to this situation, where in fact a delay for more than thirty days has occurred, would be to extend the time for issuing such writs in future cases to thirty days. The only legal effect of the rule's application would be to add the remedy afforded by that rule to any existing remedies.

Prentice, J., concurs.

NOTE.—Reported in 295 N. E. 2d 619.